**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIKTOR BOGATYI,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No.: 1:11-CV-01516 JLT<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE OBEY THE COURT'S ORDERS |

Plaintiff Viktor Bogatyi ("Plaintiff") initiated this action by filing a complaint on September 6, 2011, seeking review of the administrative decision denying his claim for Social Security benefits. (Doc. 1). For the following reasons, the Court recommends the action be **DISMISSED**.

**I. Procedural History**

On September 8, 2011, summons were issued as to the Commissioner of Social Security (Doc. 4). In addition, the Court issued its "Scheduling Order" (Doc. 5) and "Order re Consent or Request for Reassignment" (Doc. 5-1). Plaintiff was ordered to "serve the summons, complaint, the notice and form of consent to proceed before a magistrate judge . . . and file return of service" within twenty days, or by September 28, 2011. (Doc. 5 at 1-2). In addition, Plaintiff was ordered to complete and return the consent form within 90 days, or by December 8, 2011. (Doc. 5-1 at 1).

On December 13, 2011, the Court issued an order to show cause why the action should not be dismissed, or in the alternative, for Plaintiff to file a proof of service indicating the defendant has

been served with the documents required by the Court's order, and complete and file the form indicating whether Plaintiff consents to or declines the jurisdiction of the Magistrate Judge. (Doc. 6). Plaintiff's counsel, Mr. Kaplan, filed a declaration in response on December 27, 2011, asserting he had "no agreement with plaintiff to undertake this case . . ." (Doc. 7 at 2). According to Mr. Kaplan, Plaintiff was represented "by a non-attorney representative," who asked Mr. Kaplan "to consider appealing this case into federal court." *Id.* Mr. Kaplan advised the representative he filed the complaint and paid the filing fee, "but remained equivocal about pursuing the case," and asked the representative to obtain a fee agreement from Plaintiff, but Mr. Kaplan never received such a document. *Id.* Therefore, Mr. Kaplan filed a motion to withdraw as attorney for Plaintiff (Doc. 8), which was denied without prejudice due to Mr. Kaplan's failure to follow the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules. (Doc. 9 at 3).

Since the Court issued its Order, Mr. Kaplan has not sought to withdraw as counsel, and Plaintiff has not filed a proof of service indicating he served Defendants with the summons and complaint in the action. Further, Plaintiff has failed to complete and file the form indicating whether he consents to or declines the jurisdiction of the Magistrate Judge.

**II. Rule 4(m)**

The Federal Rules of Civil Procedure set forth the standards for commencing an action and for service. Rule 4(m) requires a defendant to be served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Thus, the defendant should have been served by January 4, 2011. When service of the summons and complaint is not made within the specified time, federal district courts have the authority to dismiss an action *sua sponte* without prejudice, after notice to the plaintiff. *Id.* Notably, within the Court's order to show cause, Plaintiff was clearly advised of his obligation to effect service of process (Doc. 6). Moreover, by the same order, Plaintiff was notified that dismissal of this action might result for failure to effect service. *Id.*

**III. Failure to prosecute and obey the Court's orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of

any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**IV. Discussion and Analysis**

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Notably, Plaintiff has failed to effect service though the defendant is the Commissioner of Social Security, and it is difficult to believe attempts of service would not have been fruitful.

Finally, the Court's warning to Plaintiff that failure to obey the order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. In the Scheduling Order, Plaintiff was informed, "Violations of this order of the federal or local rules of procedure may result in sanctions pursuant to Local Rule 110." (Doc. 5 at 4). Likewise, in the order to show cause, Plaintiff was informed failure to comply

with the Court's order or to prosecute his case could result dismissal of the action. (Doc. 6 at 1-2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's orders. Given these facts, the Court finds the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**V. Order**

GOOD CAUSE being established therefor, the Court **HEREBY ORDERS** as follows:

The Clerk of Court is DIRECTED to assign a United States District Judge to this case.

**VI. Findings and Recommendations**

Since filing his complaint on September 6, 2011, Plaintiff has not engaged in this action in any manner, nor sought to prosecute his case. Furthermore, Plaintiff has failed to comply with the Court's orders to consent or decline the jurisdiction of a magistrate judge, to file proof of service, or to show cause as to why the matter should not be dismissed.

Accordingly, **IT IS HEREBY RECOMMENDED**: This action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and failure to obey the Court's orders of September 8, 2011 and December 13, 2011.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FOURTEEN (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 12, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE