IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKTOR BOGATYI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant.. | Case No.: 1:11-CV-01516 LJO JLT<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS TO DISMISS THE ACTION<br><br>(Doc. 11) |

Plaintiff Viktor Bogatyi ("Plaintiff") seeks review of the administrative decision denying his claim for Social Security benefits. (Doc. 1). On March 13, 2012, the Magistrate Judge recommended the action be dismissed. (Doc. 11). On March 25, 2012, Plaintiff filed objections to the Findings and Recommendations. (Doc. 13).

**I.    Procedural History**

Plaintiff initiated this action by filing a complaint on September 6, 2011. (Doc. 1). Summons to the Commissioner of Social Security were issued on September 8, 2011. (Doc. 4). In addition, the Court issued its Scheduling Order directing Plaintiff to "serve the summons, complaint, the notice and form of consent to proceed before a magistrate judge . . . and file return of service" within twenty days, or by September 28, 2011. (Doc. 5 at 1-2). In the "Order re Consent or Request for Reassignment," Plaintiff was ordered to complete and return the consent form within 90 days, or by December 8, 2011. (Doc. 5-1 at 1).

Plaintiff failed to comply with the Court's orders to file proofs of service, or to complete the consent form.  Therefore, on December 13, 2011, the Court issued an order to show cause why the action should not be dismissed, or in the alternative, for Plaintiff to file a proof of service indicating the defendant has been served with the documents required by the Court's order, and complete and file the form indicating whether Plaintiff consents to or declines the jurisdiction of the Magistrate Judge. (Doc. 6).   Plaintiff's counsel, Mr. Kaplan, filed a declaration in response on December 27, 2011, asserting he had "no agreement with plaintiff to undertake this case . . ." (Doc. 7 at 2). According to Mr. Kaplan, "a non-attorney representative" of Plaintiff asked Mr. Kaplan "to consider appealing this case into federal court." Id. Mr. Kaplan advised the representative he filed the complaint and paid the filing fee, "but remained equivocal about pursuing the case," and asked the representative to obtain a fee agreement from Plaintiff, but Mr. Kaplan never received such a document. Id.

Mr. Kaplan filed a motion to withdraw as attorney for Plaintiff in conjunction with his response to the order to show cause on December 27, 2011. (Doc. 8).  However, Mr. Kaplan failed to provide a declaration asserting he served Plaintiff with the motion, or to include Plaintiff's last known address, which were required pursuant to the California Rules of Professional Conduct and the Local Rules.  Therefore, the Court denied the motion to withdraw without prejudice. (Doc. 9 at 3). On March 11, 2012, Mr. Kaplan filed a proof of service, indicating Plaintiff was served by mail with copies of the motion to withdraw as counsel of record for Plaintiff and his response to the order to show cause.  (Doc. 10).

On March 12, 2012, the Magistrate Judge recommended Plaintiff's action be dismissed for Plaintiff's failure to comply with the Federal Rules of Civil Procedure, failure to prosecute, and failure to obey the Court's orders. (Doc. 11).

**II.    Findings of the Magistrate Judge**

As an initial matter, the Magistrate Judge noted Plaintiff failed to comply with Rule 4(m) of the Federal Rules of Civil Procedure with service of the complaint on Defendant. (Doc 11 at 2). In addition, the Magistrate Judge observed Plaintiff failed to prosecute the action and failed to obey the Court's orders.  Id. at 2-4.

A. Rule 4(m)

The Federal Rules of Civil Procedure set forth the standards for commencing an action and for service. Rule 4(m) requires a defendant to be served within 120 days of the filing of the complaint, and Defendant should have been served no later than January 4, 2011. (Doc. 11 at 2). When service of the summons and complaint is not made within the specified time, federal district courts have the authority to dismiss an action *sua sponte* without prejudice, after notice to the plaintiff. Id. (citing Fed. R. Civ. P. 4(m)).

The Magistrate Judge found Plaintiff was advised of his obligation comply with the Federal Rules, and effect service of process with the Court's order to show cause. (Doc. 11 at 2). In addition, the Magistrate Judge determined Plaintiff was notified dismissal of the action might result if he failed to effect service without good cause. Id.

B. Failure to prosecute and obey the Court's orders

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

The Magistrate Judge found the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. (Doc. 11 at 23). Also, the Magistrate Judge found the risk of prejudice to the defendant weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Likewise, the Magistrate Judge found the policy favoring disposition of cases on the merits is outweighed by the other factors in favor of dismissal. Finally, the Magistrate Judge found Plaintiff had adequate warning that failure to obey the Court's orders would result in dismissal, and that this warning satisfied the requirement that the Court consider less drastic measures. See Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424.

3

### III. Objections by Plaintiff

Mr. Kaplan admits "the action was not prosecuted and counsel moved to withdraw." (Doc. 3 at 1). Mr. Kaplan notes he filed a proof of service, indicating Plaintiff was served with the motion to withdraw "the day before the court's findings and recommendation of dismissal." Id. (emphasis omitted). He asserts, "the day those findings and recommendations issued, counsel provided the summons and complaint to a process server requesting service on an expedited basis." Id. at 1-2. Mr. Kaplan objects to the dismissal of the action because "in some sense it punishes plaintiff for the inaction of counsel, though Plaintiff caused this case to be filed and has continued, perhaps dilatorily, to try to preserve plaintiff's rights." Id. at 2. Therefore, Mr. Kaplan "renews his request to be allowed to withdraw. . . and suggests that allowing the withdrawal and providing plaintiff an opportunity to prosecute in propria persona or obtain other counsel before dismissing the action would be fairer." Id.

### IV. Discussion and Analysis

As explained by the Ninth Circuit, "service of process is the means by which a court asserts its jurisdiction over the [defendant]." SEC v. Ross, 504 F.3d 1130, 1138 (9th Cir. 2007). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4(m) provides:

> If a defendant is not served within 120 days after a complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, the Court may dismiss an action where the plaintiff fails to demonstrate "good cause" for failing to serve the summons and complaint within the 120-day deadline. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir. 1987).

Here, the Magistrate Judge observed that Plaintiff failed to file a proof of service in compliance with the Court's Scheduling order, and ordered Plaintiff to show cause why the action should not be dismissed, or in the alterative to file a proof of service on December 13, 2011. (Doc. 6 at 2). Three months later, Plaintiff had still failed to file a proof of service, long after the 120-day

deadline had passed under Rule 4(m). Therefore, the Magistrate Judge recommended Plaintiff's action be dismissed for his failure to prosecute the action. (Doc. 11 at 2). Although counsel objects to the recommendation, Plaintiff fails to explain the delay in serving the summons and complaint on Defendant. Indeed, Plaintiff has not provided any reasons for the delay, or provided facts such that the Court can find good cause exists to further extend the time for Defendant to be served. Further, Plaintiff has not argued the Magistrate Judge erred in her analysis of the factors set forth by the Ninth Circuit in evaluating whether to dismiss an action for his failure to prosecute and failure to obey the Court's orders.

## V.    Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**;
2. Mr. Kaplan's request to withdraw as counsel is **DENIED AS MOOT**; and
3. The Clerk of Court **IS DIRECTED** to close this action, because this order terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   March 26, 2012**                    /s/ Lawrence J. O'Neill
                                               UNITED STATES DISTRICT JUDGE